# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

March 22, 2022

Jonathan M. Stemerman, Esquire
Armstrong Teasdale, LLP
300 Delaware Avenue, Suite 210
Wilmington, DE 19801

Henry E. Gallagher, Jr., Esquire
Gregory J. Weinig, Esquire
Scott E. Swenson, Esquire
Jarrett W. Horowitz, Esquire
Connolly Gallagher LLP
1201 N. Market Street, 20th Floor
Wilmington, DE 19801

Re: *In the Matter of The Jeremy Paradise Dynasty Trust and The Andrew Paradise Dynasty Trust*, C.A. No. 2021-0354-KSJM

Dear Counsel:

This is my decision on the motion for issuance of a commission for documents and testimony (the "Motion") directed to Vigomar Realty LLC ("Vigomar") filed by Charlotte Edelman, Casey Chafkin, and John Pomerance (the "Fiduciaries").[1]

The Motion was filed on February 14, 2022, and seeks to compel non-party Vigomar to produce four categories of documents and designate a corporate representative to attend a deposition on Wednesday, March 23, 2022. According to the Motion, Vigomar performed work as a contractor at a property indirectly owned by the Jeremy Paradise Dynasty Trust at the direction of the trust. In support of the Motion, the Fiduciaries assert that Vigomar "may have received funds from the Jeremy Paradise Dynasty Trust at Jeremy

---

[1] *See* C.A. No. 2021-0354-KSJM, Docket ("Dkt.") 121 ("Mot.").

Paradise's direction for unauthorized purposes," which the Fiduciaries claim is relevant to their unclean hands defense.[2]

Petitioner Jeremy Paradise ("Petitioner") objects to the Motion, arguing that it is overly broad, unduly burdensome, and wholly irrelevant to the claim for reformation of Article 12(h) of the Jeremy Paradise Dynasty Trust Agreement.[3]

On reply, the Fiduciaries argue that Petitioner does not have standing to object to third-party discovery requests and that the discovery requested is neither overly broad nor unduly burdensome.

I address the standing issue first. The Fiduciaries cite Chancellor Chandler's 2005 decision *Cede & Co. v. Joulé Inc.* for the proposition "that when a subpoena is issued to a non-party, a party does not have standing to object to the subpoena unless production of documents pursuant to the subpoena would violate a privilege held by the objecting party."[4]

Their interpretation of that holding is overstated. It is true that a party does not have standing to object to a subpoena or motion for commission on the grounds that the discovery sought would unduly burden the producing party; the producing party is responsible for protecting its own rights, as are we all. Yet, a party has standing to object to third-party discovery that imposes a burden on the party.[5]

---

[2] *Id.* ¶ 3.

[3] *See* Dkt. 126 (Opp'n) ¶ 9.

[4] 2005 WL 736689, at *1 (Del. Ch. Feb. 7, 2005).

[5] *See, e.g.*, *Feeley v. NHAOCG, LLC*, C.A. No. 7304-VCL, at 4 (Del. Ch. Aug. 16, 2012) (TRANSCRIPT) (recognizing that a party may object to third-party discovery on the

The court has often considered parties' arguments on the extent to which third-party discovery requests may run afoul of proportionality principles.[6] In *Lions Gate Entertainment Corp. v. Image Entertainment, Inc.*, for example, Chancellor Chandler considered an issue very similar to the instant case.[7] Decided after *Cede*, *Lions Gate* involved a claim for reformation of the defendant's certificate of incorporation and bylaws. The defendant filed twenty-six motions for commission, each with twelve requests for documents. The Chancellor agreed with the plaintiff that the number of motions was "unduly burdensome" and that ten of the twelve requests were "not relevant to the subject matter of the present litigation."[8] Thus, the court only granted five of the motions, and only with respect to the two requests that it found relevant to the litigation.

Because Petitioner has framed his objection as based on the burden that the commission will impose on him, I reject the Fiduciaries' argument that Petitioner lacks standing to assert the objection.

Turning next to the substance of the Motion, under Court of Chancery Rule 26, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any

---

grounds that it is "grossly disproportionate to the proceeding and burdensome in the context of the overall proceeding").

[6] *See, e.g.*, *In re Fuqua Indus., Inc. S'holders Litig.*, 1999 WL 959182, at *3–4 (Del. Ch. Sept. 17, 1999); *Sutherland v. Sutherland*, 2007 WL 1954444, at *2–4 (Del. Ch. July 2, 2007).

[7] 2006 WL 1134172, at *1 (Del. Ch. Apr. 19, 2006).

[8] *Id.* at *2.

party's claim or defense and proportional to the needs of the case."[9] The court "shall" limit discovery requests if "the discovery sought is not proportional to the needs of the case."[10]

The critical issue in this action is whether Petitioner will be entitled to reformation of the Jeremy Paradise Dynasty Trust Agreement, which was executed on April 23, 2019, based on mistake and fraudulent inducement.[11]

The discovery requested pertains to the Fiduciaries' unclean hands defense, which posits that Petitioner "has sought to use assets of the Jeremy Trust on expenditures not related to the wellbeing of any Trust beneficiaries" and "requested excessive compensation as Notice Recipient of the Trust."[12]

Specifically, the Fiduciaries allege that the Jeremy Paradise Dynasty Trust purchased the property described in the commission for the benefit of the trust's beneficiaries, that Pomerance hired Petitioner to serve as property manager for the property while it underwent renovations, and that Vigomar was the contractor that performed the renovations.[13] According to the Fiduciaries, Petitioner approved contractor invoices totaling $118,000, but the Fiduciaries contend that they have only observed "limited renovations."[14] The Fiduciaries thus suggest that Petitioner, who resigned as property

---

[9] Ct. Ch. R. 26(b)(1).

[10] *Id.*

[11] Dkt. 1, Verified Pet. To Reform Trust & Remove Invalid Fiduciaries ¶¶ 86, 147–63.

[12] Dkt. 90, Answer at 73.

[13] *See* Dkt. 127, Reply in Supp. of Mot. ¶¶ 1–2.

[14] *Id.* ¶ 7–8.

manager in March 2021, may have "improperly or dishonestly managed the funds" the trust paid Vigomar.[15]  Because the discovery could be probative as to whether Petitioner acted inappropriately as a property manager, Fiduciaries argue that seeking the requested discovery from Vigomar is relevant to their unclean hands defense.

The commission seeks four categories of documents from Vigomar in addition to compelling Vigomar to produce a corporate representative for deposition on March 23, 2022.  The requests and topics date back to June 2019.

Generally speaking, the defense of unclean hands is unavailable unless the opposing party's inequitable conduct has "an 'immediate and necessary' relationship to its claims."[16] "If a plaintiff's 'claim grows out of or depends upon, or is inseparably connected with, his own prior fraud, a court of equity will, in general, deny him any relief.'"[17]

The problem with the Fiduciaries' theory is that the timeline for the requests begins on June 1, 2019—after the Jeremy Paradise Dynasty Trust Agreement was executed.  It is therefore hard to conclude that the Motion's requests relate to the formation of the trust. For that reason, they do not appear relevant to whether reformation of the trust will be

---

[15] *See id.* ¶¶ 7–8, 18.

[16] *Stone & Paper Invs., LLC v. Blanch*, 2021 WL 3240373, at *23 (Del. Ch. July 30, 2021) (quoting *Nakahara v. NS 1991 Am. Tr.*, 718 A.2d 518, 523 (Del. Ch. 1998)).

[17] *United BioSource LLC v. Bracket Hldg. Corp.*, 2017 WL 2256618, at *7 (Del. Ch. May 23, 2017) (quoting 2 John Norton Pomeroy, *A Treatise on Equity Jurisprudence* § 401 (5th ed. 1941)).

appropriate. Nor do they have an immediate and necessary relationship to the claim at issue.

Of course, if I conclude after evaluating the evidence presented at trial that the discovery sought by the commission is relevant, I can order it to proceed at that time. For now, I am convinced that Petitioner's objections have merit.

For those reasons, the Motion is DENIED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc:     All counsel of record (by *File & ServeXpress*)